Curia, per Evans, J.
This was an action of trespass to try title, tried before me, at Laurens, Fall Term, 1838. The plaintiffs were the executors of Edmund Ware, and claimed to maintain the action in their own right, under certain clauses in their *55 testator’s will. The 6th clause in the will is as follows : “ It is my will and desire, that all the rest and residue of landed and real estate, and of such real estate as may hereafter come to the possession of my executors, now in dispute, and to which I have a claim, be sold by my executors,” &c. &c. By the 8th clause, he directs the proceeds of the sale, with other funds, to be applied to the payment of his debts. The question arising on the construction of these clauses is, whether, by the will of Edmund Ware, the fee in the land in dispute passed to the executors, or whether the will gave them a mere power to sell ? A motion was made for a nonsuit, which I refused, because I was not fully satisfied on the subject. Since the argument in this court, I have looked into the cases, and have made up a clear judgment, that the motion should be granted. The distinction is, between a devise to executors to sell; as if the testator say, I devise my land to my executors to be sold — and a devise that the executors shall sell, as where the testator says, I devise, or direct, that my lands be sold by my executors. In the first case, the fee passes to the executors; in the last, the fee passes to the heir to be divested whenever the power is executed by the executors. It is supposed that the direction to pay the debts from the proceeds will vary the rule above stated, which is admitted to be the general rule. All the authorities are reviewed by Sugden, in his work on Powers, p, 106; and he says, “ there is no authority for this distinction, except a dictum of Sir Matthew Hale,” that it had been held, that if a man devises that his land be sold for the payment of his debts, this will give an interest to the executors as well as if he had devised his lands to his executors to be sold. The same principle has been stated in-15 Johnson, 346; but I think the question has been settled in our case of Ferguson v. King, 2 N. and M'Cord. 588. There the testator devised his land to be sold by his executors for the payment of his debts; but they were directed to divide, if they should be of opinion it would be best for his estate not to sell the land. The executors neither sold nor divided; and after a lapse of many years, the heirs at law sued to recover the land. It was held they could maintain the action, and the opinion goes on the ground that the fee vested in them, and the *56 executors had only a power. The motion for a nonsuit is therefore granted.
Irby, for the motion.
Young, contra.
Gantt, Richardson, Butler, Earle and O’Neall, Justices, concurred.